[Department One.—June 27, 1883.]

## R. E. COLE ET AL., RESPONDENTS, *v.* HENRY D. BACON ET AL., HENRY D. BACON, APPELLANT.

PRINCIPAL AND AGENT—JOINT AGREEMENT CREATING AN AGENCY.—When several persons enter into a joint agreement appointing an agent to sell property, and some of them refuse to unite in an action against the agent to recover money received by him on a sale of the property pursuant to the agreement, the fact that they have so dealt with the agent as to preclude them from maintaining such an action does not deprive the others of the right to sue for their proportionate share of the money.

GENERAL FINDING—CONFLICTING EVIDENCE.—On the trial of this action, special findings were waived, and the court found generally in favor of the plaintiffs, and rendered judgment accordingly. On motion for a new trial, the finding was attacked as being contrary to the evidence in certain particulars, but the evidence was substantially conflicting. *Held*, that the finding implied the existence of every fact necessary to support the judgment, and that in view of the conflict in the evidence, the finding could not be disturbed.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to recover of the defendant Bacon certain money alleged to have been received by him in the capacity of agent, and fraudulently appropriated to his own use. It was averred in the complaint that Bacon and eleven other persons had subscribed for the capital stock of a corporation known as the Terminal Railroad Company, each subscribing for one-twelfth of the stock, and being desirous to dispose of the interests thus acquired by them, they agreed between themselves that the same should be sold jointly, and Bacon was appointed by the other subscribers as their agent to carry out the agreement; that he subsequently effected a sale for the sum of two hundred and fifty thousand dollars, which was paid to him by the purchasers, but instead of accounting for the sum actually received, he falsely represented to the others that the price obtained was only forty-seven thousand seven hundred dollars, and induced them to settle with him on the basis of such representation. This is sufficient to show the nature of the action, and a more particular statement of the facts set forth in the complaint is unnecessary. Seven of the subscribers alleged to have been defrauded refused to join in the action as plaintiffs, and were

made defendants, the plaintiffs being two of the subscribers and the personal representatives of two others deceased.

Bacon filed an answer denying the allegations of fraud contained in the complaint, and averring that the transaction with the other subscribers was a purchase by him of their respective interests, and that the sale afterwards made was on his own account.

The other defendants also answered repudiating the alleged fraud in respect to themselves, and sustaining the answer of Bacon as to his position in the premises.

The instrument of the 14th of April, 1871, referred to in the opinion of the court, was a transfer to the purchasers in pursuance of the sale made by Bacon. This instrument did not state the consideration for the sale, and the complaint alleged that the parties who signed it in connection with Bacon did so at his request. Both of the answers, after stating the purchase by Bacon from the other subscribers, averred that no transfer had been made by the latter to the former in pursuance of such purchase, and that the instrument was signed by all the subscribers in order to avoid the necessity of two transfers instead of one.

The additional facts, so far as they are required to explain the decision, appear in the opinion of the court.

Voluminous briefs were filed by the respective counsel, but in view of the grounds of the decision, it would be useless to give the arguments without an analysis of the evidence, which is impracticable.

*Wilson & Wilson,* and *McAllister & Bergin,* for Appellant.

*Garber, Thornton & Bishop,* and *H. E. Highton* for Respondents.

PER CURIAM. — The instrument of the 14th day of April, 1871, signed by all of the subscribers to the capital stock of the " Terminal Railroad Company," except the defendant Bacon, operated to transfer to Stanford, Huntington and Hopkins all of the stock of such subscribers.

If it be admitted that the relations of the defendant Bacon and the other subscribers are not to be ascertained by reference to the resolutions of the directors of the corporation, but

depended upon subsequent contracts between him and the stock-holders, the plaintiffs acquired rights against him from their actual contracts with him, as evidenced by the writing and otherwise. If the sale was by each of the plaintiffs to defendant Bacon of his portion of the shares of the stock, and the instrument was executed to Stanford, Huntington and Hopkins, as a matter of convenience, and to avoid the necessity of a transfer first to Bacon and then by him to *his* vendees, the mere form of the transaction did not change its real character. But the persons who subscribed the instrument of the 14th of April, 1871, had the right to pool their stock, and to dispose of it in the aggregate, and the instrument purports to be a bill of sale or assignment of all their stock, executed by them jointly. That defendant negotiated the sale to Stanford, Huntington and Hopkins, in some capacity, is admitted. There is evidence in the transcript that he acted for them, as their agent or broker, and not for himself. Assuming the testimony of plaintiffs to be true—and in view of the judgment of the court below we must assume their testimony to be true—to the effect that they individually signed the instrument, with the understanding that it should take effect only in case the other subscribers to the stock should sign it, and the others did sign it, the instrument (so far as plaintiffs and Bacon are concerned) constitutes a joint sale to Stanford, Huntington and Hopkins, whatever private arrangements might have been entered into between defendant Bacon and others of the subscribers to the instrument.

As between the plaintiffs and defendant Bacon, the court may have found that the latter was the agent for them, and of the other subscribers, authorized to make joint sale of the stock of the corporation held by them and the other subscribers, and that he did in fact make such sale, because there was evidence tending to prove that he induced plaintiffs to believe such was the actual relation between them. The question is not whether plaintiffs could assert, as against the other subscribers to the instrument, that there was a joint sale, but whether they can assert this against the defendant Bacon. He — assuming plaintiffs' testimony to be true — had no understanding with plaintiffs, severally, that they should sell their stock to *him.* On the contrary it was distinctly understood that they, with the other

parties in interest, should sell all their stock for a named sum to Stanford, Huntington and Hopkins; such sale to be evidenced by the signatures of all to the instrument so often referred to. There was nothing in the writing itself to indicate a different arrangement; on the contrary it purported to be a sale by all to the three persons mentioned   Under the circumstances the contract between plaintiffs and the defendant Bacon must be construed to have been what the former understood it to be, and what he must have known they understood it to be. They could not be deprived of their rights under it by means of agreements, unknown to them, between Bacon and others of those who executed the agreement of April 14th, which was executed by the others as it was agreed by plaintiffs and Bacon it should be executed. As between plaintiffs and Bacon, the legal effect of the arrangement was that he, as agent for them, and the others, for whom he asserted he had, or would, secure authority to act, should make a joint sale of the stock. The sale made was made under such power, and, like every other similar agent, he was liable to account to his principals for the proceeds of the sale. If the other parties chose to waive their rights, or, rather, by reason of separate private agreements, lost the power to assert any rights as joint vendors, this did not operate to deprive the plaintiffs of the benefits of the only contracts *they* entered into.

Of course, the foregoing is based upon the assumption of the existence of facts such as are necessarily implied by the general findings and judgment of the Superior Court, since there was at least a substantial conflict in the evidence.

Judgment and order affirmed.

Hearing in Bank denied.